IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NABIL (Last Name Unknown), <u>et al.</u>, )<br>)<br>Petitioners, )<br>)<br>v. )<br>)<br>GEORGE W. BUSH, )<br>President of the United States, )<br><u>et al.</u>, )<br>)<br>Respondents. )<br>) | Civil Action No. 05-CV-1504 (RMC) |
| ABBAR SUFIAN AL HAWARY, <u>et al.</u>, )<br>)<br>Petitioners, )<br>)<br>v. )<br>)<br>GEORGE W. BUSH, )<br>President of the United States, )<br><u>et al.</u>, )<br>)<br>Respondents. )<br>) | Civil Action No. 05-CV-1505 (RMC) |
| SHAFIIQ (Last Name Unknown), <u>et al.</u>, )<br>)<br>Petitioners, )<br>)<br>v. )<br>)<br>GEORGE W. BUSH, )<br>President of the United States, )<br><u>et al.</u>, )<br>)<br>Respondents. )<br>) | Civil Action No. 05-CV-1506 (RMC) |

**RESPONDENTS' OPPOSITION TO PETITIONERS'
MOTIONS FOR "PRETRIAL" CONFERENCES**

Respondents hereby oppose petitioners' motions for "pretrial"[1] conferences pursuant to

Fed. R. Civ. P. 16(a).[2]  As respondents have explained previously, petitioners have not

established "next friend" standing and, if the Court does determine that standing exists, the Court

should stay proceedings in these cases pending the outcome of appeals of related Guantanamo

Bay detainee cases before the D.C. Circuit.[3]  Additionally, this Court should deny petitioners'

motions because a Rule 16(a) pretrial conference is inappropriate and unnecessary.[4]

**A.    The Court Should Deny Petitioners' Motions Because Petitioners Have Not
Established "Next Friend" Standing.**

As an initial matter, the relief requested by counsel for petitioners should not be granted

pending the resolution of respondents' challenge to the "next friend" petitioners' standing to

---

[1] Respondents place "pretrial" in quotation marks because, as shown in § C, habeas corpus proceedings are not trials and thus a pretrial conference in a habeas case is not appropriate.

[2] See Petitioner's Motion for "Pretrial" Conference, Nabil v. Bush, No. 05-CV-1504 (RMC) (dkt. no. 7), Al Hawary v. Bush, 05-CV-1505 (RMC) (dkt. no. 9), Shafiiq v. Bush, No. 05-CV-1506 (RMC) (dkt. no. 9) (The motions in each case are nearly identical so respondents will refer to all three as "Pet. Motion").

[3] See Respondents' Motion for Order to Show Cause Why Case Should Be Dismissed for Lack of Proper "Next Friend" Standing Or, in the Alternative, to Stay Proceedings Pending Related Appeals and for Continued Coordination ("Motion for OSC"), and Reply in Support thereof ("Reply"), Nabil, No. 05-CV-1504 (RMC) (dkt. nos. 4, 6), Al Hawary, 05-CV-1505 (RMC) (dkt. nos. 4, 7, 8), Shafiiq, No. 05-CV-1506 (RMC) (dkt. nos. 4, 7, 8).

[4] Petitioners propose that at these "pretrial" conferences the Court consider, inter alia, "the deadline for the Respondents to file and serve their factual return in response to the Petition"; "control and scheduling of discovery"; "identification of witnesses and documents"; "advisability of referring matters to a magistrate judge or special master"; "disposition of pending motions"; and "need for adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues."  Pet. Motion at ¶¶ (1)-(6).

pursue this litigation.  See Motion for OSC at 3-4.  As demonstrated in respondents' motion for

an order to show cause, petitioners have not established that they possess proper "next friend"

standing under the two-pronged standard articulated by the Supreme Court in Whitmore v.

Arkansas, 495 U.S. 149, 163-64 (1990).  See id. at 4.  Absent proper standing to sue, these cases

should be dismissed for lack of jurisdiction.  Thus, given that the legitimacy of these lawsuits

remains in question, the Court should deny counsel's motions for "pretrial" conferences.

      **B.**    **This Court Should Not Schedule "Pretrial" Conferences Because These
Cases Should Be Stayed Pending the D.C. Circuit Appeals in Khalid and
In re Guantanamo Detainee Cases.**

      If the Court determines that petitioners have established proper standing, the Court

should still not schedule any "pretrial" conferences at this stage because these cases should be

stayed pending resolution of all appeals in Khalid v. Bush, Boumediene v. Bush, Nos. 04-CV-

1142 (RJL), 04-CV-1166 (RJL), 355 F. Supp. 2d 311 (D.D.C. 2005), appeals docketed, Nos. 05-

5062, 05-5063 (D.C. Cir. Mar. 2, 2005) and In re Guantanamo Detainee Cases, No. 02-CV-0299,

et al., 355 F. Supp. 2d 443 (D.D.C. 2005), appeal on petition for interlocutory appeal, No. 05-

5064 (D.C. Cir. Mar. 10, 2005).  See Motion for OSC at 15-21.  The pending appeals will

address the core issues in these cases, including, inter alia, whether petitioners have stated valid

claims under the Fifth Amendment to the United States Constitution and, if so, whether the

procedures implemented by respondents to determine the status of petitioners as enemy

combatants, violate their Fifth Amendment rights.  It makes no sense for "pretrial" conferences

in these cases to occur when decisions from the D.C. Circuit on the related Guantanamo detainee

appeals will determine the legal analyses applicable to these cases and, indeed, whether and how

these cases should proceed, if at all.

- 3 -

Further proceedings, including conducting "pretrial" conferences and the submission of factual returns, which petitioners propose discussing at such conferences, Pet. Motion at ¶ 1, would require the expenditure of significant judicial, governmental, and other resources that may be avoided as a result of the appeals.  In any event, such proceedings very likely would have to be revisited or relitigated once the appeals are decided and the Court of Appeals provides guidance regarding the handling of the claims in all of the Guantanamo detainee cases.[5]  See Motion for OSC at 15-21 (explaining the laborious, time-consuming task of processing and filing public and classified factual returns and that submission of returns risks the inadvertent or other disclosure of classified information); Reply at 11-15 (same).  Cf. Order Denying Motion for Reconsideration of Order Granting Stay Pending Appeal in In re Guantanamo Detainee Cases, 355 F. Supp. 2d 482 (D.D.C. 2005) (Green, J.) (staying other Guantanamo detainee habeas cases so as to avoid expenditure of "substantial resources" and imposition of "significant burdens" that might not be necessary depending on outcome of appeal).  Thus, the Court should deny petitioners' motions for "pretrial" conferences.

---

[5] As respondents have previously explained, Motion for OSC at 21-22 n.19, in seeking a stay, to the extent the next friend petitioners are determined to satisfy the applicable requirements, respondents do not intend thereby to block counsel access to properly represented petitioners.  If proper next friend standing is found, respondents would not object to entry of the protective order previously entered in other Guantanamo detainee cases, along with appropriate supplementary orders, to permit such access.  See id. (providing citations to protective and supplementary orders and attaching orders as exhibits).  Respondents' lack of objection to entry of these orders in properly filed cases, however, is without prejudice to their right to challenge any particular terms of these orders in any future proceedings as appropriate.  Thus, there is no need for the Court to hold a conference considering the adoption of special procedures for managing "the logistics of future visits" of petitioners' counsel to Guantanamo Bay because the protective and supplementary orders provide guidance on how such visits are conducted.  Pet. Motion at ¶ (6)(b).

C.      **Rule 16(a) "Pretrial" Conferences are Inappropriate and Unnecessary.**

Even regardless of the fact that proceedings in these cases should await resolution of "next friend" standing issues and should be stayed even if such standing is found, the Court should still not set Fed. R. Civ. P. 16(a) pretrial conferences in the cases because such conferences would be inappropriate and unnecessary. Rule 16(a) clearly states that in "any action, the court may in its discretion direct the attorneys for the parties . . . to appear before it for a conference or conferences before trial." Fed. R. Civ. P. 16(a) (emphasis added). However, habeas corpus proceedings are not trials, but summary proceedings, and, therefore, a Rule 16(a) pretrial conference in a habeas case is not appropriate.[6] Cf. Harris v. Nelson, 394 U.S. 286, 295 (1969) ("[T]he intent of the draftsmen of the [Federal Rules of Civil Procedure] indicates nothing more than a general and nonspecific understanding that the rules would have very limited application to habeas corpus proceedings.").

---

[6] Habeas procedure contemplates the following basic sequence of events: a petition, see 28 U.S.C. § 2242; Rules 2, 3 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"); a return, see 28 U.S.C. § 2243; see also Habeas Rule 5; and then a summary hearing, see 28 U.S.C. § 2243 ("[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require."). If the petition contains no viable basis upon which the relief that is sought (i.e., release) can be granted, it is inescapable that "dispos[ing] of the matter as law and justice require" means granting judgment as a matter of law to respondents, i.e., dismissing the petition.

Although these are not § 2254 cases, the Court has discretion to apply the Habeas Rules to the extent appropriate, as many other courts have done. See Habeas Rule 1(b) (pre-Dec. 1, 2004) ("In applications for habeas corpus in cases not covered by subdivision (a), these rules may be applied at the discretion of the United States district court."); Habeas Rule 1(b) (post-Dec. 1, 2004) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."); Castillo v. Pratt, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001); Ukawabutu v. Morton, 997 F. Supp. 605, 608 n.2 (D.N.J. 1998); Wyant v. Edwards, 952 F. Supp. 348, 352 (S.D. W. Va. 1997).

Further, petitioners cannot avail themselves of a Rule 16(b) scheduling conference, which usually occurs as a follow-up to a Rule 16(a) pretrial conference, because the Local Rules of this Court specifically exclude habeas corpus proceedings from the scheduling requirements of Rule 16(b) and Rule 26(f).  See LCvR 16.3(b) ("The requirement of this Rule, LCvR 16.3 of these Rules, and Rules 16(b) and 26(f), Federal Rules of Civil Procedure, shall not apply in the following categories of proceedings . . . (2) a petition for habeas corpus . . ."); Fed. R. Civ. P. 16(b) (providing for a mandatory scheduling order in civil cases "[e]xcept in categories of actions exempted by district court rule as inappropriate. . . .").

Even if a Rule 16(a) pretrial conference could ever be appropriate in a habeas proceeding, however, petitioners' requests for Rule 16(a) pretrial conferences should be denied here because the procedural posture of these cases does not warrant such conferences.  As described above, respondents' motion to stay proceedings, based on the pendency of related appeals that will address the core legal issues of this action, is fully briefed and awaiting decision by this Court.[7]  If this case is stayed and it is ultimately determined on appeal that respondents should prevail on the merits on claims in other Guantanamo habeas cases that are identical to those made here, then all of the issues petitioners raise in their motions for "pretrial" conferences would become moot.

---

[7] The Court recently transferred the motions for order to show cause why the case should not be dismissed for lack of proper "next friend" standing or, in the alternative, to stay proceedings in all three cases to Judge Louis F. Oberdorfer in order to "efficiently resolve the issues raised" in these motions.  See Order, Nabil v. Bush, No. 05-CV-1504 (RMC) (dkt. no. 8); Al Hawary v. Bush, No. 05-CV-1505 (RMC) (dkt. no. 10); Shafiiq v. Bush, No. 05-CV-1506 (RMC) (dkt. no. 10).  Thus, petitioners' argument that "pretrial" conferences are needed to discuss the "disposition of pending motions," Pet. Motion at ¶ 5, fails because the Court has already acted to efficiently resolve the only pending motion in each case (aside from petitioners' motions for "pretrial" conferences).

Moreover, a number of the issues petitioners want to discuss at "pretrial" conferences are not even ripe. For instance, petitioners' counsel's arguments that they want "pretrial" conferences to discuss the "control and scheduling of discovery," and the "identification of witnesses and documents," Pet. Motion at ¶¶ (2), (3), fail because such arguments are premature since petitioners' counsel have not filed motions to allow discovery. In a habeas corpus proceeding, the provisions of the Federal Rules of Civil Procedure regarding discovery do not apply of their own force, and discovery is the exception rather than the rule. See Harris v. Nelson, 394 U.S. at 297 (discovery in habeas proceedings is not automatic and cannot be "activated on [the petitioner's] own initiative."); Bracy v. Gramley, 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course"). Cf. Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts (codifying Harris by allowing discovery only "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise" and requiring submission of the proposed discovery to the court for approval). Further, if a proper motion were made, the Court should deny any such discovery motion at the present stage given that the D.C. Circuit appeals in In re Guantanamo Detainee Cases and Khalid will determine whether and how, if at all, Guantanamo detainee cases should proceed, or will at least significantly impact such matters.[8]

---

[8] At least three other topics petitioners seek to discuss at a "pretrial" conference are also not ripe. Counsel for petitioners have not yet been issued security clearances, a prerequisite for access to classified information and travel to Guantanamo Bay Naval Base. To the extent counsel seeks to discuss the status of security clearances at "pretrial" conferences, Pet. Motion at ¶ (6)(a), in an effort to expedite processing of security clearances so counsel can access the classified portions of factual returns and facilitate visits with petitioners, not only are such access and visits inappropriate until the threshold standing issue is resolved, but respondents have no control over the timing of the processing of security clearance applications. Processing of

For these reasons, a Rule 16(a) conference is neither appropriate nor necessary, and in any event, is premature.  Thus, petitioners' requests for "pretrial" conferences should be denied.

## CONCLUSION

For the reasons stated above, Rule 16(a) pretrial conferences in these cases are inappropriate and unnecessary, and petitioners' motions for such conferences should be denied.

---

security clearances for petitioners' counsel is handled by the offices of the Department of Justice, Litigation Security Division (i.e., the Court Security Officers), who process all applications for petitioners' counsel in the Guantanamo litigation in an expedited fashion.  This process takes time, however, given the large number of petitioners' counsel who have applied for security clearances across the more than 160 pending Guantanamo habeas cases and the burdens associated with the application process, including substantive background investigations. Further, Petitioners' argument that "pretrial" conferences are necessary to review petitioners' physical condition and the arrangements regarding detention is similarly premature and without any basis in evidence, Pet. Motion at ¶ (6)(c), since petitioners' counsel have not received security clearances or visited petitioners.  Additionally, the mission of the military authorities operating the detention center is the safe, secure, and humane treatment of all detainees at Guantanamo Bay, including petitioners.  See Memorandum for the Vice President, the Secretary of State, the Secretary of Defense, et al., from President George W. Bush Re: Humane Treatment of al Qaeda and Taliban Detainees ¶ 3 (Feb. 8, 2002) (available at http://www.library.law.pace.edu/research/020207_bushmemo.pdf).  Likewise, discussion of "referring matters to a magistrate judge or special master," Pet. Motion at ¶ 4, is premature and unnecessary when standing has not been established and stay motions are pending.

Dated: November 2, 2005                 Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

DOUGLAS N. LETTER
Terrorism Litigation Counsel


   /s/ Nicholas J. Patterson
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Room 7220
Washington, DC  20530
Tel:  (202) 514-4523
Fax:  (202) 616-8470

Attorneys for Respondents