*PREVIOUSLY FILED WITH CSO AND CLEARED FOR PUBLIC FILING*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDULLA THANI FARIS AL-ANAZI, *et al.*, <br><br>　　　　*Petitioners,* <br><br>　v. <br><br>GEORGE W. BUSH, *et al.*, <br><br>　　　　*Respondents* | **Civ. No. 1:05-CV-345** <br> **(JDB) (AK)** |
| FAWZI AL ODAH, *et al.*, <br><br>　　　　*Petitioners,* <br><br>　v. <br><br>GEORGE W. BUSH, *et al.*, <br><br>　　　　*Respondents* | **Civ. No. 2-CV-828** <br> **(CKK) (AK)** |
| ABDUL HADI OMER HAMOUD FARAJ, *et al.*, <br><br>　　　　*Petitioners,* <br><br>　v. <br><br>GEORGE W. BUSH, *et al.*, <br><br>　　　　*Respondents* | **Civ. No. 05-CV-1490** <br> **(PLF) (AK)** |

| | |
|---|---|
| MOHAMMED, *et al.*,                ) | |
| ) | |
| *Petitioners*,                ) | |
| )                | Civ. No. 05-CV-2087 |
| v.                ) | (RMC) (AK) |
| ) | |
| GEORGE W. BUSH, *et al.*,                ) | |
| ) | |
| *Respondents*                ) | |

| | |
|---|---|
| NABIL, *et al.*,                ) | |
| ) | |
| *Petitioners*,                ) | |
| )                | Civ. No. 05-CV-1504 |
| v.                ) | (RMC) (AK) |
| ) | |
| GEORGE W. BUSH, *et al.*,                ) | |
| ) | |
| *Respondents*                ) | |

| | |
|---|---|
| SAIB, *et al.*,                ) | |
| ) | |
| *Petitioners*,                ) | |
| )                | Civ. No. 05-CV-1353 |
| v.                ) | (RMC) (AK) |
| ) | |
| GEORGE W. BUSH, *et al.*,                ) | |
| ) | |
| *Respondents*                ) | |

2

|  |  |  |
|---|---|---|
| **HASSAN BIN ATTASH,** *et al.,* | ) ) ) | |
| *Petitioners,* | ) ) | **Civ. No. 05-CV-1592** |
| v. | ) ) ) | **(RCL) (AK)** |
| **GEORGE W. BUSH,** *et al.,* | ) ) ) | |
| *Respondents* | ) ) | |

|  |  |  |
|---|---|---|
| **MAHMOUD ABDAH,** *et al.,* | ) ) | |
| *Petitioners,* | ) ) | **Civ. No. 05-CV-1254** |
| v. | ) ) ) | **(HHK) (AK)** |
| **GEORGE W. BUSH,** *et al.,* | ) ) ) | |
| *Respondents* | ) ) | |

|  |  |  |
|---|---|---|
| **ABDULSALAM ALI ABDULRAHMAN AL-HELA,** *et al.,* | ) ) ) ) | |
| *Petitioners,* | ) ) | **Civ. No. 05-CV-1048** |
| v. | ) ) ) | **(RMU) (AK)** |
| **GEORGE W. BUSH,** *et al.,* | ) ) ) | |
| *Respondents* | ) ) | |

3

|  |  |
|---|---|
| **SAEED MOHAMMED SALETH HATIM,** *et al.*, ) ) *Petitioners,* ) ) v. ) ) ) **GEORGE W. BUSH,** *et al.*, ) ) *Respondents* ) ) | **Civ. No. 05-CV-1429 (RMU) (AK)** |

# OPPOSITION TO RESPONDENTS' MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S SEPTEMBER 25, 2006 ORDER ADDRESSING PRIVILEGE TEAM'S RESPONSIBILITIES <u>UNDER THE PROTECTIVE ORDER</u>

## INTRODUCTION

By their Motion,[1] Respondents, a non-party to the original pleadings, seek reconsideration of Magistrate Judge Kay's September 25, 2006 Order[2] compelling enforcement of the Amended Protective Order[3] by prohibiting the Privilege Team's unauthorized practice of both refusing to review certain documents and failing to do so within the timeframe specified. Magistrate Judge Kay correctly held that the Protective Order places upon habeas counsel the burden of determining which documents may be properly submitted for review and does not afford the Privilege Team discretion to refuse to review documents. Because the Magistrate Judge's Order is neither clearly erroneous nor contrary to the law, and as Respondents have produced no evidence that a mistake has otherwise been made, Respondents' motion for reconsideration should be denied.

## BACKGROUND

On February 21, 2006, after the Privilege Team had repeatedly refused to inform counsel of the classification level of submitted documents, Petitioners sought help from

---

[1] October 13, 2006 Respondents' Motion for Reconsideration of Magistrate Judge's September 25, 2006 Order Addressing Privilege Team's Responsibilities Under the Protective Order ("Motion")

[2] September 25, 2006 Order Addressing Privilege Review Team's Responsibilities Under the Protective Order ("Order")

[3] November 8, 2004 Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba ("Protective Order")

5

Magistrate Judge Kay in enforcing the terms of the Protective Order in these cases.[4]

Petitioners argued, in sum, that the Privilege Team's only competence was in determining the classification levels of documents and information, that it had improperly delegated to itself a policing function, and that, because counsel face unique limitations on access to their clients, the effect of the Privilege Team's *ultra vires* actions was to deny Petitioners the effective assistance of counsel to which they are entitled.

The Privilege Team's duties are well-defined and clearly circumscribed. It is required to determine whether any documents habeas counsel chooses to submit contain classified information.[5] Nothing in the Protective Order empowers the Privilege Team to refuse to review any document that habeas counsel submits.

The Privilege Team was represented in pleadings and at a hearing by a Special Litigation Team appointed by Magistrate Judge Kay. Respondents, a non-party[6] to the

---

[4] February 21, 2006 Motion to Compel Privilege Team Compliance With The Amended Protective Order. Petitioners' motion was brought before Magistrate Judge Kay pursuant to the Calendar and Case Management Committee's order that "all Motions pertaining to interpretation or construction of any protective order which has been entered in [these] cases shall be referred to Magistrate Judge Alan Kay pursuant to LCvR 72.2(a)." November 2, 2005 Order at 1.

[5] Protective Order, Ex. A, Sec. VII.A ("Counsel may submit information learned from a detainee to the privilege team for a determination of its appropriate security classification. . .No information derived from these submissions shall be disclosed outside the privilege team pursuant to these procedures until after the privilege team has reviewed it for security and intelligence purposes."); Protective Order, Ex. A, Sec. VII.C ("As soon as possible after conducting the classification review, the privilege team shall advise counsel of the classification levels of the information contained in the materials submitted for review.")

[6] Federal Rule of Civil Procedure 72(a) and Local Civil Rule 72.2 allow only a "party" to the action to file a motion for reconsideration. Petitioners' February 21, 2006 motion sought enforcement of the Protective Order as to the Privilege Team, who were repre-

dispute, also offered Magistrate Judge Kay their own "response" to Petitioners' Motion.[7] After considering all arguments, including those of Respondents, Magistrate Judge Kay ruled that "the [Privilege Team] may not simply refuse to conduct a classification review of documents submitted to it by habeas counsel as a self-help mechanism when it believes that habeas counsel may have violated the terms of the Protective Order. The Protective Order clearly places the responsibility on habeas counsel to determine in the first instance whether communications from a detainee should be submitted to the [Privilege Team]. . ."[8]

Respondents now seek reconsideration of Magistrate Judge Kay's order. Their Motion should be denied. The magistrate judge's construction of the Protective Order, which acknowledges the limited expertise of the Privilege Team and recognizes that habeas counsel acts under the shadow of criminal indictment or contempt charges if they violate the Protective Order, is neither clearly erroneous nor contrary to the law, and therefore must remain undisturbed.

---

sented by a specially-appointed Special Litigation Team. Respondents are not technically a party to this action, and have improperly availed themselves of a remedy intended solely for parties to the action.

[7] March 8, 2006 Respondents' Opposition to Petitioners' Motion to Compel Privilege Team Compliance With The Amended Protective Order ("Opposition")

[8] Order at 4

## ARGUMENT

I. **Because The Order is Neither Clearly Erroneous Nor Contrary to the Law, It Should Not Be Reconsidered.**

   A. **Respondents Have Failed to Meet the Standard for a Motion for Reconsideration.**

Under Federal Rule of Civil Procedure 72(a), the district court shall not modify or set aside "any portion of the magistrate judge's order" in a nondispositive matter unless it is "found to be *clearly erroneous or contrary to the law*." (emphasis added)   By this standard, the court must affirm the magistrate judge's determination unless, "on the entire evidence," the court "is left with the definite and firm conviction that a mistake has been committed."  *Neuder v. Battelle Pacific Northwest Nat'l Lab.*, 194 F.R.D. 289, 292 (D.D.C. 2000), citing *United States v. United States Gypsum Co.,* 333 U.S. 364, 365 (1948).   Upon review, the magistrate judge's decision is "entitled to great deference." *Pulliam v. Continental Casualty Co.*, 2006 WL 2850655, at *2 (D.D.C. 2006); see also *Adair v. Winter*, 2006 WL 2587577, at *3 (D.D.C. 2006) (holding that the magistrate judge's decision is entitled to great deference, and will not be disturbed unless found to be clearly erroneous or contrary to the law).   A motion to reconsider "is not simply an opportunity to reargue facts and theories upon which the court has already ruled" and will not be granted if the court "suspects that the losing party is using the motion as an instrumentality for arguing the same theory."  *Lightfoot v. District of Columbia*, 355 F.Supp.2d 414, 420-421 (D.D.C. 2005).

Respondents' Motion largely mirrors their Opposition motion, and lacks any persuasive arguments that the Order is contrary to the law or clearly erroneous. Magistrate Judge Kay considered and rejected all of their arguments, and Respondents

8

have pointed to no new case law or material facts that might upset the reasoning of the Order. Even though Respondents are not properly a party to these proceedings, all of the issues raised in their Motion were satisfactorily resolved in the Order. The Magistrate Judge's jurisdiction over the case is not contrary to the law, as neither the Detainee Treatment Act nor the newly-signed Military Commissions Act divest this court of its ability to enforce the terms of a Protective Order previously entered. Nor can the Order be considered "clearly erroneous," as it reflects a true and correct reading of the plain language of the Protective Order.

### B. The Order is Not Contrary to the Law.

Earlier this year, Respondents filed a motion for reconsideration of an order issued by Magistrate Judge Kay in a separate Guantánamo habeas case arguing, as they do here, that the Detainee Treatment Act strips the District Court of the District of Columbia of jurisdiction. The court dismissed Respondents' jurisdictional argument, holding that "enforcing the terms of the protective order. . .does not pose the danger of exceeding the court's jurisdiction, even if it is ultimately determined that this court does not have jurisdiction to determine the merits of a petition for habeas corpus relief." *Kiyemba v. Bush*, 2006 WL 2255736, at *2 (D.D.C. August 7, 2006). See also *Said v. Bush*, Civ. No. 05-2384 (D.D.C. May 26, 2006) (minute order denying Respondents' motion for stay and reconsideration arguing in part that the Magistrate Judge lacks jurisdiction to facilitate detainees' access to counsel); *Razakah v. Bush*, Civ. No. 05-2370, slip. op. at 4 (D.D.C. May 18, 2006) (holding that "enforcing the terms of the protective order does not pose a danger of exceeding the Court's jurisdiction"); and *Mohammon v. Bush*, Civ. No. 05-2386, slip. op. at 2 (June 27, 2006) (citing Respondents'

9

willingness to consent to entry of the Protective Order in cases arising after passage of the Detainee Treatment Act as evidence of court's power to issue orders affording detainees access to their counsel).

The above-cited decisions are equally applicable to the Military Commissions Act, as it, in relevant part, incorporates by reference the same jurisdiction-restricting language of the Detainee Treatment Act and extends it to pending cases.   Whereas both the Detainee Treatment Act and the Military Commissions Act seek to deprive the courts of jurisdiction over the merits of certain habeas corpus petitions, neither denies detainees access to counsel.   Furthermore, the Court of Appeals for the District of Columbia Circuit has ordered supplemental briefing on the constitutionality of the Military Commissions Act, and the detainees are entitled to representation as this Court and the Court of Appeals exercise their jurisdiction to consider whether the Military Commissions Act applies.   It is therefore inappropriate to stay any decision in this matter pending further briefing regarding the constitutionality of the Military Commissions Act. Enforcement of the Protective Order as a means of ensuring access to counsel has been held to be well within the Magistrate Judge's jurisdiction, and not contrary to the law.

### C. The Order is Not Clearly Erroneous as a Substantive Matter.

Respondents fail to show why the Magistrate Judge's plain reading of the Protective Order is "clearly erroneous" and merely rehash the same arguments that this Court found unpersuasive in Respondents' Opposition.

Respondents claim that "[n]othing in the Access Procedures vests habeas counsel" with the authority to act as "arbiter of whether a document is appropriate for classification review by the Privilege Team." Motion at 14.   This is patently false.   A

10

plain reading of the Protective Order provides habeas counsel with precisely that responsibility. The Protective Order is clear that habeas counsel is authorized to "submit information learned from a detainee to the privilege team for a determination of its appropriate security classification"[9] and that "[a]s soon as possible after conducting the classification review, the privilege team *shall* advise counsel of the classification levels of the information contained in the materials submitted for review."[10] (emphasis added) In response to Respondents' contention, nothing in the Protective Order vests the Privilege Team with the discretion to choose whether to review a submission or not, a fact driven home by Respondents' inability to point to any language in the Protective Order supporting their argument.

In fact, Respondents' arguments in both their Opposition as well as their Motion reveal a deeply flawed understanding of the Protective Order contrary to its plain language. Respondents appear to labor under the impression that habeas counsel is only entitled to submit "legal mail" to the Privilege Team for classification review. This is false. The Protective Order contemplates submission of two types of documents to the Privilege Team for classification review: (i) legal mail (governed by Protective Order, Ex. A, Sec. IV) and (ii) materials brought out of attorney-client meetings (governed by Protective Order, Ex. A, Sec. VI). The Order does not, therefore, "incorrectly [blur] the well-established distinction between legal and non-legal mail" (Motion at 13); instead, it

---

[9] Protective Order, Ex. A, Sec. VII.A

[10] Protective Order, Ex. A, Sec. VII.C

correctly recognizes the different types of material that may be properly submitted for review.

Respondents' arguments hinge upon the assumption that the Privilege Team is in a position to insert its own judgment as to the propriety of submissions, but these judgments are frequently wrong. In September 2005, the Privilege Team initially refused to review the medical records of a detainee on the suspicion that they had been improperly obtained. But as Respondents freely admit, the material was later determined "to have been properly acquired." Motion at 13. Only habeas counsel is in a position to determine how certain documents relate to the overall litigation strategy, which is why habeas counsel, and habeas counsel alone, is vested with determining the propriety of submissions to the Privilege Team under the Protective Order.[11]

Respondents dismissively refer to the remedy made available through the Order to Privilege Team, namely the ability to raise with the Court any suspicions that the legal mail system is being misused by habeas counsel. In fact, this is quite a powerful remedy, as the threat of sanctions and incarceration hangs over the heads of all habeas counsel who fail to abide by the Protective Order.

---

[11] Respondents demonstrate why no one other than habeas counsel can determine the propriety of submissions when they try to divine Petitioners' intended usage of other submissions. Respondents argue that a legal mail submission including the exhortation to "tell the world" about the torture experienced by the author "improperly…[used] counsel as a conduit for non-legal communications to persons other than counsel." Motion at 12. Such a document could quite clearly be used in court by habeas counsel, who are periodically accused by Respondents of lacking explicit authorization to represent their clients. Respondents also incorrectly argue that a last will and testament conveyed to habeas counsel in October 2005 was "in no way conveyed 'for the purposes of litigating' the detainee's habeas corpus case" when such a document would be an important affidavit in an emergency motion for psychiatric evaluation. Motion at 13.

Although Respondents may be dissatisfied with the Magistrate Judge's Order, they cannot point to any language within the Protective Order contradicting his findings, and have thus failed to demonstrate any clear error in his ruling. Absent such a showing, the Order must stand, and Respondents' Motion must be denied.

## CONCLUSION

The *Kiyemba* court held that an order by the Magistrate Judge that merely enforces the counsel access provisions of the Protective Order is neither erroneous nor clearly contrary to the law, and thus not subject to reconsideration.[12] The Magistrate Judge's Order does not invest habeas counsel with any new powers, but merely reiterates the respective responsibilities of habeas counsel and the Privilege Team under the Protective Order. Enforcement of access provisions is unaffected by the passage of the Detainee Treatment Act and the Military Commissions Act. Respondents have simply reargued their earlier Opposition without pointing to anything in the Protective Order that makes the Magistrate Judge's plain reading of it clearly erroneous. Respondents have failed to meet their burden for a motion for reconsideration. For these reasons, Respondents' Motion should be denied.

---

[12] *Kiyemba*, at *2

Dated:   October 30, 2006

                        Respectfully submitted,

                        Counsel for Petitioners:

                        _____*/s/ Anant Raut*_____
                        David R. Berz (DC 182105)
                        David A. Hickerson (DC 414723)
                        Anant Raut (DC 490211)
                        WEIL GOTSHAL & MANGES LLP
                        1300 Eye Street, NW
                        Suite 900
                        Washington, D.C.   20005
                        Tel: (202) 682-7000
                        Fax: (202) 857-0939

| _____*/s/ David J. Cynamon*_____ | _____*/s/ David H. Remes*_____ |
|---|---|
| David J. Cynamon | David H. Remes |
| Matthew J. MacLean | COVINGTON & BURLING LLP |
| Osman A. Handoo | D.C. Bar No. 370782 |
| PILLSBURY WINTHROP | 1201 Pennsylvania Ave, NW |
|    SHAW PITTMAN LLP | Washington, DC 20004 |
| 2300 N Street, N.W. | Tel: (202) 662-5212 |
| Washington, D.C.   20037 | Fax: (202) 778-5212 |
| Tel: (202) 663-8000 | |
| Fax: (202) 663-8007 | Marc D. Falkoff |
| | D.C. Bar No. 491149 |
| | College of Law |
| | Northern Illinois University |
| | College of Law |
| | DeKalb, IL 60115 |
| | Tel:   815-753-0660 |
| | Fax: 815-753-9301 |
| _____*/s/ Anne J. Castle*_____ | _____*/s/ Barbara J. Olshansky*_____ |
| Anne J. Castle, CO #11202 | Of Counsel |
| Scott S. Barker, CO #11177 | Barbara J. Olshansky (N.Y. State Bar #3635 |
| J. Triplett Mackintosh, CO #22359 | CENTER FOR CONSTITUTIONAL |
| William E. Murane, CO #2676 |    RIGHTS |
| Douglas L. Abbott, CO #18683 | 666 Broadway |
| Meghan N. Winokur, CO #35973 | New York, NY   10012 |
| Danielle R. Voorhees, CO #35929 | Tel: (212) 614-6439 |
| HOLLAND & HART LLP | |
| 555 Seventeenth Street | |
| Suite 3200 | |
| Denver, CO   80202 | |

14


Tel: (303) 295-8000
Fax: (303) 295-8261

    */s/ Robert C. Weaver, Jr.*
Robert C. Weaver, Jr. OSB #80135
Samuel C. Kauffman, OSB #94352
GARVEY SCHUBERT BARER
Eleventh Floor
121 SW Morrison Street
Portland, OR   97204
Tel: (503) 228-3939
Fax: (503) 226-0259

    */s/ Eldon V.C. Greenberg*
Eldon V.C. Greenberg, D.C. Bar #159558
GARVEY SCHUBERT BARER
Fifth Floor
1000 Potomac Street, NW
Washington, D.C.   20007
Tel: (202) 965-7880
Fax: (202) 965-1729

**CERTIFICATE OF SERVICE**

I certify that on October 31,2006, I e-filed the foregoing document with the United States District Court for the District of Colombia via the DCD/ECF electronic filing system, which will serve notice of the following to:

United States Department of Justice
Terry M. Henry
Preeya M. Noronha
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W. Room 7144
Washington, DC   20530

                                        /s Danielle R. Voorhees
                                        Holland & Hart LLP