**CLEARED BY CSO FOR PUBLIC FILING**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NABIL HADJARAB, *et al.*, ) | |
| ) | |
| Petitioners/Plaintiffs, ) | |
| ) | |
| v. ) | Civil No. 05-CV-1504 |
| ) | |
| GEORGE W. BUSH, *et al.*, ) | |
| ) | |
| Respondents/Defendants. ) | |
| _____) | |

**PETITIONER'S MOTION FOR AN ORDER LIFTING THE STAY, SETTING A STATUS CONFERENCE, REQUIRING RESPONDENTS TO ANSWER THE HABEAS PETITION AND CONVERTING PETITION TO DIRECT PETITION BY DISMISSING PETITIONER'S NEXT FRIEND**

As the Court is aware, on June 12, 2008, the United States Supreme Court issued its decision in *Boumediene v. Bush*, 553 U.S. ___ (June 12, 2008).  Pursuant to *Boumediene*, Petitioner Nabil Hadjarab ("Petitioner") is entitled to "a prompt habeas corpus hearing" in this Court.  Slip. op at 66.  Petitioner's counsel understands that the *Boumediene* ruling will result in this Court litigating numerous *habeas corpus* cases on behalf of Guantanamo detainees such as Petitioner.  Counsel intends to cooperate fully with the Court to ensure that these cases proceed in the most efficient and effective manner possible.

To permit this *habeas corpus* case to move forward as required by *Boumediene*, Petitioner requests that the Court enter an order providing that:  (1) the Stay entered by this Court's minute order of January 24, 2008 be lifted; (2) by July 31, 2008, Respondents be required to show cause why Petitioner's Petition for Writ of *Habeas Corpus* (filed July 28, 2008)

should not be granted; (3) the Court set a telephonic[1] status conference so that the Court and the parties may discuss a scheduling order, discovery and other case issues;[2] and (4) the Court convert his petition from a next friend petition to a direct petition by dismissing his next friend, Jamaal Kiyembaand.

Pursuant to LCvR 7(m), Petitioner's counsel has attempted to confer with counsel for Respondents by providing a copy of this motion. Respondents' counsel have not responded to the attempt to confer, but Petitioner's counsel understands that Respondents are taking the position that it is premature to set status conferences at this time.

## Argument

On January 24, 2008, the Court entered a minute order staying this case "pending the Supreme Court's resolution of Boumediene v. Bush . . . on the merits." Doc. 56. On June 12, 2008, the Supreme Court handed down its opinion, ruling that prisoners at Guantanamo have *habeas corpus* rights protected under the U.S. Constitution; the review procedures of the Detainee Treatment Act are not an adequate substitute for *habeas corpus*; and the Military Commissions Act, insofar as it purported to strip the courts of *habeas corpus* jurisdiction, was unconstitutional. The Court stated that it was now up to the trial courts to resolve questions regarding "the legality of . . . detention" of Guantanamo detainees, Slip op. at 2, emphasizing

---

[1] Petitioner's Counsel is located in Denver, Colorado and requests that the status conference be conducted telephonically to prevent scheduling delays and travel. However, should the Court prefer that Counsel appear in person, Petitioner's Counsel would be happy to travel to Washington, D.C. If the conference is conducted in person, Petitioner's Counsel respectfully requests that status conferences be set in the following cases at the same time, as Holland & Hart represents the Petitioners in all four of these matters: *Motai Saib v. Bush*, No. 05-1353 (RMC), *Abbar Sufian Al Hawary v. Bush*, No. 05-1505 (RMC), and *Sufyian Barhoumi a/k/a Shaffiq v. Bush*, No. 05-1506 (RMC).

[2] For example, as counsel for Petitioner has already informed the Department of Justice, Petitioner Nabil cannot be returned to Algeria for fear of persecution. Petitioner's counsel assumes that Respondents will provide Petitioner's counsel with adequate notice of any anticipated transfer of Petitioner.

that "[t]he detainees in these cases are entitled to a *prompt* habeas corpus hearing."  Slip op. at 66 (emphasis added).  Since the basis for the stay no longer exists, it should be lifted.

Petitioner has been confined in Guantanamo since February 2002.  His *habeas corpus* petition was filed on July 28, 2008, but Respondents have yet to answer.  In February 2008, the Department of Defense notified undersigned counsel that Petitioner "has been approved to leave Guantanamo," but, stated obliquely that "such a decision does not equate a determination that your client is not an enemy combatant, nor is it a determination that he does not pose a threat to the United States or its allies.  I cannot provide you any information regarding when your client may be leaving Guantanamo as his departure is subject to ongoing discussions."  Exhibit A, Email from Bree Ermentrout, CDR, JAGC, USN to Scott S. Barker (Feb. 7, 2008).  Yet 6 years after being imprisoned, and 4 months after being approved for release, Petitioner is still detained at Guantanamo.  Petitioner Nabil should "no longer" bear "the costs of delay" in these proceedings.  *Boumediene*, Slip. op. at 66.  Therefore, Respondents should submit their answer to the Petition for Writ of *Habeas Corpus* by July 31, 2008, and the Court should hold a status conference as soon as practicable so that this matter may move forward on the merits in an expedited manner.

Finally, Petitioner has authorized undersigned counsel to represent him.  Ex. B, Authorization.  Therefore, Petitioner's Next Friend should be dismissed and this case should be converted to a direct Petition for Writ of Habeas Corpus.

Dated: June 30, 2008

                                        Respectfully submitted,

                                        /s Danielle R. Voorhees
                                        Anne J. Castle
Scott S. Barker
J. Triplett Mackintosh
William Murane
Danielle R. Voorhees
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Telephone: (303) 295-8000

Of Counsel
Shayana Kadidal
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway 7th Floor
New York NY 10012
phone: (212) 614-6438
fax: (212) 614-6499

## CERTIFICATE OF SERVICE

      I hereby certify that on June 25, 2008, I filed the foregoing PETITIONER'S MOTION FOR AN ORDER LIFTING THE STAY, SETTING A STATUS CONFERENCE, REQUIRING RESPONDENTS TO ANSWER THE HABEAS PETITION AND CONVERTING PETITION TO DIRECT PETITION BY DISMISSING PETITIONER'S NEXT FRIEND by filing the same on the Court's ECF filing system, which will electronically serve a copy on:

U.S. Department of Justice

                                              /s Danielle R. Voorhees
                                              Holland & Hart LLP

3884516_3.DOC