**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| IN RE: ) | |
| ) | Misc. No. 08-442 (TFH) |
| GUANTANAMO BAY ) | |
| DETAINEE LITIGATION ) | Civil No. 05-CV-1504 (RMC) |
| ) | |

**STATUS REPORT FOR PETITIONER**
**NABIL HADJARAB (ISN 238)**

Pursuant to the Court's July 3, 2008 Order, Petitioner Nabil Hadjarab ("Hadjarab"), by undersigned counsel, respectfully submits the following status report.

1. **Hadjarab's Habeas Petition Should Proceed In the District Court In Accordance With *Boumediene*.**

Hadjarab filed his Petition for Writ of Habeas Corpus ("Habeas Petition") on July 28, 2005, Case No. 05-CV-1504 (RMC). On April 19, 2007, Respondents moved to dismiss the Habeas Petition in reliance on *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007). On January 24, 2008, the District Court denied Respondents' Motion to Dismiss without prejudice and stayed the case pending the U.S. Supreme Court's resolution of *Boumediene v. Bush*, 127 S. Ct. 3078 (2007), on the merits. In light of the Supreme Court's decision in *Boumediene*, Hadjarab's Habeas Petition is now postured to move forward in the District Court.[1]

---

[1] On June 30, 2008, prior to this case being transferred to this Court, Hadjarab filed a motion requesting various relief, including lifting the stay of his Habeas Petition. (Doc. 64). On July 10, 2008, Respondents filed their Response, which agreed with the majority of the relief sought by Hadjarab and did not oppose lifting the stay of his Habeas Petition. For the Court's convenience, Respondents' position with respect to the relief sought is described herein as appropriate. Given the transfer of this case to this Court for coordination, Hadjarab does not intend to submit a reply to the motion, as

### 2. The Protective Order Has Been Entered.

The Amended Protective Order and Procedures for Counsel Access to Detainees (the "Protective Order") was entered in this case on August 1, 2006.

### 3. Hadjarab Has Been Cleared For Release.

Hadjarab is an Algerian national who has been confined in Guantanamo since February 2002.  In February 2008, the Department of Defense notified undersigned counsel that Petitioner "has been approved to leave Guantanamo," but stated obliquely that "such a decision does not equate a determination that your client is not an enemy combatant, nor is it a determination that he does not pose a threat to the United States or its allies.  I cannot provide you any information regarding when your client may be leaving Guantanamo as his departure is subject to ongoing discussions." Exhibit A, Email from Bree Ermentrout, CDR, JAGC, USN to Scott S. Barker (Feb. 7, 2008). Hadjarab has serious concerns that this ambiguous and damaging language will prevent his safe release from Guantanamo.

Further, as counsel for Hadjarab has informed the Department of Justice, Hadjarab fears persecution if he is returned to Algeria.  Accordingly, pursuant to this Court's July 11, 2008 Order, Hadjarab is concurrently filing a Notice informing the Court and Respondents that he wishes for his counsel to receive 30-days notice prior to his release.

---

the relief sought by Hadjarab that remains in dispute will likely be addressed by this Court's Orders governing these cases.

### 4. Hadjarab Has Not Received A Factual Return.

Respondents have not submitted a factual return regarding Hadjarab's Habeas Petition. Respondents have provided Hadjarab's counsel with the unclassified version of his CSRT Record, but have not yet produced the classified version of his CSRT Record.

### 5. Hadjarab and Respondents Agree That His Habeas Petition Should Be Converted to a Direct Petition By Dismissal of the Next Friend.

Hadjarab has granted his counsel authority to represent him. Respondents do not oppose Hadjarab's request that his Habeas Petition be converted to a direct petition and that his Next Friend, Jamaal Kiyemba, be dismissed from the case.

### 6. Hadjarab and Respondents Agree That His DTA Petition Should be Held in Abeyance.

On December 13, 2007, Hadjarab filed a Petition for Release and Other Relief Under Detainee Treatment Act of 2005 ("DTA Petition"). *Hadjarab v. Gates*, Case No. 07-1519. In light of the Supreme Court's decision in *Boumediene*, Respondents filed a motion to hold Hadjarab's DTA Petition in abeyance, or in the alternative, to dismiss the DTA petition, pending the conclusion of his habeas petition. Hadjarab has filed a response stating that he does not oppose the abeyance of the DTA Petition, but does oppose dismissal of the DTA Petition.

Dated: July 18, 2008

Respectfully submitted,

*s/ Danielle R. Voorhees*
Anne J. Castle
Scott S. Barker
William Murane
Danielle R. Voorhees

Meghan N. Winokur
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO  80202
Telephone:  (303) 295-8000

Zachary Katznelson
California Bar No. 209489
Reprieve
P.O. Box No. 52742
London, England EC49-4WS
+44 207 353 4640 (phone)
Zachary@reprieve.org.uk

Of Counsel
Shayana Kadidal
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway 7th Floor
New York NY  10012
phone: (212) 614-6438
fax: (212) 614-6499

**ATTORNEYS FOR PETITIONER**

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2008, I electronically filed the foregoing with the Clerk of Court using the ECF system, per instructions from the United States Department of Justice, which will send notification of such filing to the following:

United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 7144
Washington, DC  20530

I filed the foregoing using the ECF system, instead of through the Court Security Office, in accordance with specific instructions from the Court Security Office and counsel for the Department of Justice.  Petitioner's counsel believes the foregoing does not contain classified or protected information and has no reason to believe the foregoing contains classified information or protected information.

s/ *Lisa M. Podsiadlik*
Holland & Hart LLP

3894929_1.DOC